IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SONJIA McCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:11-0026 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| PRECISION THERMOPLASTIC | ) | |
| COMPONENTS, INC., | ) | |
| TECHNICRAFT PRODUCTS, INC., | ) | |
| CC PACKAGING, LLC, | ) | |
| DS CONTAINERS, INC., JOHN DOES | ) | |
| I-IV, and XYZ CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion to Strike Objections to Defendant DS Containers, Inc., Responses to Plaintiff's First Set of Request for Production of Documents or Things and Request to Enter Onto Premises for Inspection." Docket No. 76. Plaintiff has filed a supporting Memorandum (Docket No. 77) with several Exhibits. Defendant has filed a Response in opposition to the Motion (Docket No. 83), and Plaintiff has filed a Reply (Docket No. 85).[1]

Plaintiff submitted a set of Requests for Production of Documents or Things and a Request to Enter Onto Premises for Inspection to Defendant DS Containers, Inc. ("DS"). DS apparently responded to the requests, although, according to Plaintiff, the Responses were

---

[1] Local Rule 7.01(b) states in relevant part, "A reply memorandum may be filed upon leave of Court." Plaintiff did not seek or obtain leave of Court to file a reply.

"objection laden," and were not served within 30 days. Docket No. 77, p. 1. Plaintiff argues that Defendant's "failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." Docket No. 77, p. 3.

Plaintiff is correct that Fed. R. Civ. P. 33, which governs Interrogatories to parties, states in part, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." There is, however, no similar language in Fed. R. Civ. P. 34, which governs document production requests and requests for inspection. As the Court understands the situation, Plaintiff is complaining about matters governed by Rule 34, not Rule 33.

Motions to Strike are governed by Fed. R. Civ. P. 12(f), which states:

> The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1) on its own; or
> > (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to Strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 2006 U.S. App. LEXIS 5019 (6th Cir.) at \*\*5-6; *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir. 1966). *See also Lombard v. MCI Telecommunications Corp.,* 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); *Hrubec v. National R.R. Passenger Corp.,* 829 F. Supp. 1502, 1506 (N.D. Ill. 1993).

Defendant's Responses and Objections to Plaintiff's discovery requests are not "pleadings," and they cannot be stricken.

2

Case 2:11-cv-00026   Document 87   Filed 09/14/12   Page 2 of 3 PageID #: 550

For the foregoing reasons, the instant Motion to Strike (Docket No. 76) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

3