# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| SONJIA McCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) CASE NO. 2:11-0026 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) |
| PRECISION THERMOPLASTIC | ) |
| COMPONENTS, INC., | ) |
| TECHNICRAFT PRODUCTS, INC., | ) |
| CC PACKAGING, LLC, | ) |
| DS CONTAINERS, INC., JOHN DOES | ) |
| I-IV, and XYZ CORPORATIONS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court upon Plaintiff's "Motion for Entry of Protective Order." Docket No. 78. Plaintiff has filed a supporting Memorandum (Docket No. 79) and a proposed Agreed Protective Order (Docket No. 78-1). It appears that the parties have agreed to all provisions of the proposed Agreed Protective Order except one, which relates to the providing of confidential information to outside consultants and expert witnesses. Defendant DS Containers, Inc., has filed a Response, objecting to that provision of the proposed Protective Order.

The provisions of the Protective Order at issue sought by Plaintiff are set forth in her proposed Agreed Order as follows:

> 2. CONFIDENTIAL INFORMATION, whether in the form of documents or otherwise, shall be used solely for the prosecution and defense of this case and shall be disclosed only to the following:

> . . .
>
>> (d) Outside consultants and expert witnesses employed or retained by the parties or their counsel, who have access to CONFIDENTIAL INFORMATION solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation, provided that to the extent that any party seeks to disclose CONFIDENTIAL INFORMATION to any outside consultant or expert witness such party shall provide the names of the consultants and/or experts to whom such CONFIDENTIAL INFORMATION will be provided to defendants on or about the time specified for designation of experts.
>>
>> 3. Prior to disclosure to any outside consultant or expert witness employed or retained by a requesting party, of matters made CONFIDENTIAL by this Order, counsel shall provide a copy of this Order to such outside consultant or expert witness, who shall sign an affidavit verifying that he or she understands and agrees to be bound by the terms of this Order, and that he or she understands that unauthorized disclosure of the documents designated CONFIDENTIAL as provided in this Order or other CONFIDENTIAL INFORMATION constitutes contempt of court. The affidavit shall be signed in the presence of and be notarized by a Notary Public. Counsel of record for each party shall keep the affidavits executed by that party's experts or consultants on file at their respective offices. If and when an expert is disclosed by a party, that party shall provide opposing counsel with a copy of the heretofore referenced signed affidavit by that expert.

Docket No. 78-1, p. 2-3.

The language proposed by Defendant DS is as follows:

> Outside consultants and expert witnesses employed or retained by the parties or their counsel, who have access to CONFIDENTIAL INFORMATION solely for evaluation, testing, testimony,

> preparation for trial or other services related to this litigation, provided that to the extent that any party seeks to disclose CONFIDENTIAL INFORMATION to any outside consultant or expert witness, such party shall give five days written notice to the producing party of intention to disclose CONFIDENTIAL INFORMATION. During such notice period, the producing party may move to prevent or limit disclosure for cause, in which case no disclosure shall be made until the Court rules on the Motion. The burden shall be on the requesting party to establish grounds for permitting disclosure of confidential information.

Docket No. 82, p. 2-3.

Defendant DS argues that it "should be entitled to know, for a short time in advance of [Confidential Information] actually being shared with others, just who the Plaintiff and her attorneys propose to make privy to important information which all parties agree should be designated as confidential." Docket No. 82, p. 2.

The language proposed by Defendant, however, is problematic in several respects. First, Defendant's proposal requires five days written notice of Plaintiff's intention to disclose confidential information, during which period the party who produced the confidential information may move to prevent or limit the disclosure of the information "for cause." If this occurs, no disclosure shall be made until the Court rules on the Motion.

It is difficult for the Court to understand what "cause" would be sufficient for the Court to deny disclosure. As Defendant itself recognizes, "[Defendant] understands that the plaintiff, her attorneys, and experts with whom they consult are entitled to examine [confidential information]." Docket No. 82, p. 2. Thus, it appears that Defendant is more concerned with determining the identities of Plaintiff's outside consultants and expert witnesses than it is about actually producing the confidential information to Plaintiff and her counsel. While Defendant may have legitimate concerns about who views its confidential information, those concerns can

3

be addressed by placing restrictions upon the recipients.

Second, Plaintiff is under no obligation to disclose or even identify consulting experts, but Defendant's proposed language would require the identification of Plaintiff's consulting experts (at least to the extent that they are provided confidential information).

Finally, Defendant's language places the burden upon the "requesting party to establish grounds for permitting disclosure of confidential information." This provision essentially reverses the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." If relevant information is sought in discovery, "any person from whom discovery is sought may move for a protective order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Thus, under these Rules, the burden is upon the person seeking the Protective Order to establish that relevant information sought qualifies for protection. The burden is not upon the party requesting the information to show that the information should be disclosed.

The Court believes that Plaintiff's proposed language adequately addresses Defendant's legitimate concerns, with one exception. Paragraph 3 of Plaintiff's proposed Order requires outside consultants or experts to sign "an affidavit." Exhibit A to Plaintiff's proposed Protective Order appears to be the Affidavit contemplated by the proposed Protective Order, but the proposed Protective Order does not specifically refer to Exhibit A. Plaintiff, therefore, shall revise the fourth line of Paragraph 3 of the proposed Order to read: "who shall sign an affidavit, in the form of Exhibit A hereto, verifying that he or she understands and agrees to be

bound . . . ."

While the parties are in agreement with regard to the remainder of the proposed Agreed Protective Order, the Order should be changed in two respects. First, paragraph 6 of the Order contains a reference to "sealed envelopes." With the advent of the Court's electronic case filing system, the concept of sealed envelopes has generally become obsolete. The procedures for filing sealed documents are set forth in Paragraph 5.07 of Administrative Order No.167, which is available on the Court's website. The parties shall revise paragraph 6 of the proposed Agreed Protective Order to conform with that provision.

Additionally, the proposed Agreed Protective Order should be amended to add the following language:

> If the parties desire to file confidential information with the court, they shall follow the procedures set forth in *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996) and *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165 (6th Cir. 1983).

The parties shall revise the proposed Agreed Protective Order as discussed above, and submit an executed copy within fourteen (14) days of the entry of the instant Order.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge