IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SONJIA MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-00026 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| PRECISION THERMOPLASTIC | ) | |
| COMPONENTS, INC., TECHNICRAFT | ) | |
| PRODUCTS, INC., CC PACKAGING, LLC, | ) | |
| DS CONTAINERS, INC., JOHN DOES I-IV, | ) | |
| AND XYZ CORPORATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

I. Introduction and Background

This matter is before the Court upon two "Motion[s] to Amend the Answer" filed by Defendant DS Containers, Inc. ("Defendant"), on March 13, 2013 and May 20, 2013. Docket Nos. 108, 125. Defendant has filed two supporting Memoranda of Law (Docket Nos. 109, 126) and two proposed Amended Answers (Docket Nos. 109-1, 126-1). In the first of the Motions, Defendant seeks to assert comparative fault against Co-Defendant Precision Thermoplastic Components, Inc. ("Precision") and to "clarify" earlier-asserted affirmative defenses. In the second Motion, Defendant seeks to assert comparative fault against Plaintiff.

Plaintiff has filed Responses in Opposition to the Motions, along with supporting Memoranda of Law. Docket Nos. 110, 111, 129, 130.

Co-Defendants Precision Thermoplastic Components, Inc. ("Precision"), and Technicraft Products, Inc. ("Technicraft") have also filed a Response in Opposition to Defendant's first

Motion to Amend the Answer. Docket No. 115. With leave of Court (Docket No. 116), Defendant filed a Reply to Plaintiff's Response[1] (Docket No. 117).

Plaintiff brought this diversity personal injury-products liability action against Defendants Precision, Technicraft, CC Packaging, LLC, DS Containers, Inc., EMC Packaging, Inc., John Does I-IV, and XYZ Corporations, as a result of their alleged designing, manufacturing, distributing, marketing, selling, fabricating, processing, assembling, and producing cans of tire inflator/sealer and components, including the allegedly defective subject tire inflator/sealer known as "Ultra Instant Tire Inflator Sealer." *See* Docket No. 53 (Second Amended Complaint). Plaintiff avers that she was injured when a can of the product exploded.

Defendants CC Packaging, LLC, and EMC Packaging, Inc., have been dismissed from the action (Docket No. 74), and none of the Doe Defendants or the unnamed corporate Defendants have been identified.

Precision and Technicraft filed a single Answer to Plaintiff's Second Amended Complaint. Docket No. 157. Precision admitted, upon information and belief, that it was "a manufacturer of a component(s) for Ultra Instant Tire Inflator Sealer." *Id*., p. 1. Technicraft admitted, upon information and belief, that Ultra Instant Tire Inflator Sealer was sold under its name and brand.[2] *Id*., p. 2.

In Defendant's Answer to Plaintiff's Second Amended Complaint, Defendant admitted

---

[1] Defendant did not seek or obtain leave of Court to file a Reply to Precision's Response in opposition to the Motion, nor did it do so.

[2] The Court notes that the first Motion to Amend does not appear to be directed to Technicraft, but Precision and Technicraft filed a Joint Response to the Motion. Docket No. 115.

that it "manufactured empty 211x713 two-piece cans that were sold to CC and to EMC." Docket No. 59, p. 1. Defendant denied that it: (1) filled the two-piece can; (2) manufactured the fill that was placed inside the can; (3) manufactured the accessories attached to the can, *i.e.*, the hose or valve cup; or (4) assembled the accessories to the can. *Id.* Defendant's Answer to the Second Amended Complaint was filed December 13, 2011. *Id.*

Fed. R. Civ. P. 15(a) provides in relevant part:

> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Sixth Circuit has articulated the factors to be consider in determining whether the Court should give a party leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

Fed. R. Civ. P. 16(b)(4) also provides, "A schedule [in a scheduling order] may be modified only for good cause and with the judge's consent."

## II. First Motion to Amend

As discussed above, Defendant's first Motion to Amend the Answer, filed March 13, 2013, requests permission to amend its Answer in order to assert comparative fault against Co-Defendant Precision and to clarify various affirmative defenses pursuant to Fed. R. Civ. P. 15(a).

Docket Nos. 108, 109. Defendant argues that it promptly filed the instant Motion in response to information learned during the course of recent discovery, including depositions of representatives of Co-Defendant that occurred on February 14, 2013. Docket No. 108. Defendant further argues that "the additional and clarified affirmative defenses will not prejudice the parties and are neither the product of undue delay nor futile." *Id.*

Defendant describes its proposed amendment as follows:

> Specifically, DSC moves to: (1) assert comparative fault against Precision; (2) assert the affirmative defense of "Abnormal Use Of Product" found at T.C.A. § 29-28-108 against Precision; (3) assert the affirmative defense of the "Components Part Doctrine" as adopted by the Tennessee Supreme Court in *Davis v. Komatsu American Industries Corp.,* 42 S.W. 3d 34 (2001) against Precision; (4) assert the rebutable presumption found at T.C.A. § 29-28-104 that DSC complied with existing regulations; and (5) assert the state-of-the-art defense that the subject can was designed and manufactured in accordance with the state of scientific and technological knowledge available at the time it was placed on the market.

Docket No. 109, p. 2.

Defendant refers to depositions of representatives of Co-Defendants on February 14, 2013, and he also refers to "facts learned during the extensive discovery process . . . ." *Id.*, p. 1-2. Defendant, however, does not explain exactly what it learned on February 14, 2013, that it did not otherwise know or, generally speaking, when it learned of what facts during the extensive discovery process. The only factual allegations set forth in Defendant's supporting Memorandum are as follows:

> DSC will show that in or around October, 2006, Precision contemplated using a different propellant in its tire sealant product. It was considering changing from a 152 propellant to a 134A propellant. At Precision's request, DSC conducted pressure testing on its DOT-2Q cans filled with the 134A propellant. On October

4

> 31, 2006, DSC informed and warned Precision that the 134A
> variety of propellant should not be used in its DOT-2Q cans
> provided by DSC. These facts support the allegation of
> comparative fault against Precision and the additional and clarified
> affirmative defenses set forth in DSC's Amended Answer. As
> such, the proposed amendments are not futile.

*Id*., p. 3.

In its proposed Amended Answer, Defendant avers that Precision ignored this information and ordered non-party EMC Packaging, Inc., to fill the cans using the "unsafe and improper" 134A propellant. Defendant avers that the decision by Precision to do so caused the can to become "defective and/or unreasonably dangerous."[3] Docket No. 109-1, p. 5.

The latest Amended Case Management Order that provided a deadline for filing Motions to Amend the Pleadings set that deadline for October 15, 2012.[4] Docket No. 84, 94. The instant Motion was filed more than 5 months after the deadline for filing Motions to Amend the Pleadings. Plaintiff has not sought a modification of the Case Management Order, nor has Plaintiff shown good cause for such a modification.

As Precision correctly argues in its Response, the factual allegations discussed above were set forth in an e-mail dated October 2006. As far as the record shows, that e-mail was produced by Precision in response to written discovery on January 9, 2012. The instant Motion to Amend was not filed until March 13, 2013, approximately 14 months later.

---

[3] As discussed above, the instant Motion seeks leave to amend Defendant's Answer in order to assert comparative fault against Precision and to "clarify various affirmative defenses it asserted in its first Answer . . . ." Docket Nos. 108, 109. While Defendant has set forth factual allegations with regard to its proposed comparative fault defense against Precision, it has offered no factual allegations with regard to clarification of previously-asserted affirmative defenses.

[4] Subsequent Case Management Orders were entered, but they did not revise the deadline for filing Motions to Amend the Pleadings. Docket Nos. 99, 100.

Additionally, these facts make it clear that Defendant knew as early as October 2006, long before Plaintiff's injury, that the 134A propellant should not be used in its DOT-2Q cans. It seems inconceivable that Defendant would not have related this information to Plaintiff's injury, which occurred on September 2, 2010, or to Plaintiff's Complaint, which was filed March 4, 2011. The instant Motion was filed March 13, 2013, more than two years after Plaintiff's Complaint was filed.

In view of the foregoing, Defendant has not shown good cause for amending the Case Management Order. Defendant has also unduly delayed filing the instant Motion, for the reasons discussed above.

Moreover, undue prejudice would result to both Precision and to Plaintiff if the proposed amendment is allowed. It seems likely that additional discovery would be necessary in order to address the proposed new affirmative defenses.

In view of the foregoing, Defendant's Motion to Amend its Answer (Docket No. 108) should be DENIED.

### III. Second Motion to Amend

Defendant's second Motion to Amend the Answer, filed May 20, 2013, requests permission to amend the Answer in order to assert comparative fault against Plaintiff. Docket No. 125. Defendant avers that Plaintiff will not be prejudiced by the comparative fault assertion, that the assertion is not the product of undue delay, and that the assertion is not futile. Docket No. 126. Specifically, Defendant notes that Co-Defendant Precision has also asserted comparative fault against Plaintiff. *Id.*

As discussed above, Plaintiff filed her Complaint on March 4, 2011. In the Initial Case

6

Management Order, entered on May 2, 2011, CC Packaging, LLC, which was a Defendant at the time, stated that it planned "to assert all available defenses to the Plaintiff's claims against it, including but not limited to comparative fault, misuse or abuse of the product and independent intervening cause." Several days later, on May 10, 2011, Plaintiff submitted an Amended Complaint (Docket No. 19), with leave of Court (Docket No. 18). Fourteen days thereafter, CC Packaging filed an Answer raising the comparative fault of Plaintiff, based upon "her failure to follow warnings on the package of the product which caused her injury, her misuse of the product, or her abnormal use of the product, and her failure to exercise reasonable care for the storage and transport of the product prior to the accident on September 2, 2010." Docket No. 22, p. 5. Several days later, on June 1, 2011, Precision and Technicraft filed their Answer to the first Amended Complaint, also raising the comparative fault of Plaintiff. Docket No. 23, p. 5-6.

Thus, Plaintiff has been aware since the early stages of this litigation that the doctrine of comparative fault would be asserted by at least one Defendant. The Court finds it difficult to discern any undue prejudice that would result to Plaintiff from the allowance of the amendment.

Furthermore, Defendant states that it only recently learned of the factual bases for the assertion of a comparative false defense against Plaintiff in connection with the opinion of its expert. Docket No. 126, p. 2. In this regard, Defendant's expert report is dated May 1, 2013, and the instant Motion to Amend the Answer was filed May 20, 2013. Thus, Defendant did not unduly delay in seeking to assert this affirmative defense.

## IV. Recommendation

For the foregoing reasons, Defendant's first Motion to Amend (Docket No. 108) should be DENIED. Defendant's second Motion to Amend (Docket No. 125) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge