IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

SONJIA McCOY )
)
v. ) NO. 2-11-0026
) JUDGE CAMPBELL
PRECISION THERMOPLASTIC )
COMPONENTS, INC., et al. )

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 139) and Defendant DS Containers, Inc.'s Motion for Partial Summary Judgment (Docket No. 142). For the reasons stated herein, both Motions are DENIED.

FACTS

This products liability action was filed by Plaintiff McCoy against five corporations[1] which she alleged to be manufacturers, fabricators, assemblers, processors and/or producers of the Ultra Instant Tire Inflator/Sealer product which Plaintiff claims caused her injury. Plaintiff's Second Amended Complaint alleges that she was injured when a can of tire inflator/sealer exploded without warning, causing her severe and permanent harm.

Plaintiff has moved for summary judgment as to three of Defendants Precision Thermoplastic Components, Inc.'s and Technicraft Products, Inc.'s (together, "Precision") affirmative defenses. Defendant DS Containers, Inc. has moved for summary judgment as to Plaintiff's claim that the subject can was unreasonably dangerous.

---

[1] The claims against Defendants CC Packaging, LLC and EMC Packaging, Inc. have been dismissed. Docket No. 74.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## PLAINTIFF'S MOTION

Plaintiff contends that she is entitled to summary judgment on three of Defendant Precision's eighteen affirmative defenses. First, Plaintiff claims that she is entitled to summary judgment on Precision's contention that intervening or superseding acts or omissions contributed to or caused

2

Plaintiff's injuries. Plaintiff argues that Precision has failed to identify any intervening acts. Plaintiff also submits that, to establish this defense, Precision has to show that any intervening acts by Plaintiff or third parties were not reasonably foreseeable, which it cannot do.

Precision[2] contends that it has produced sufficient evidence of intervening and/or superseding acts and also sufficient evidence of misuse, alteration, change, improper maintenance or modification, abnormal use and/or failure to follow proper instructions or warnings. For example, Precision cites the testimony of two expert witnesses that the subject can was damaged prior to the explosion and that the can had been used before the date of the accident. Other factors, including whether the can was exposed to too much heat or had abrasions on the bottom, create genuine issues of material fact as to whether intervening acts (such as misuse or improper maintenance) contributed to or caused this incident. The Court finds that there are genuine issues of material fact as to the issues of intervening or superseding causes.

Plaintiff next argues that Precision has produced no evidence of misuse, alteration, change, improper maintenance or modification, abnormal use and/or failure to follow proper instruction and warnings, so it cannot rely on these defenses. These defenses are allowable in products liability cases, but only if these actions were not reasonably foreseeable by the manufacturer. *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1325 (6th Cir. 1992).

---

[2] Precision first argues that the paragraphs of its Answer which Plaintiff seeks to dismiss are not affirmative defenses; rather, they are defenses which Precision may assert at trial. For purposes of these Motions, the Court need not decide whether Precision's defenses are "affirmative defenses" required by Fed. R. Civ. P. 8 to be pled or they will be considered waived.

3

Plaintiff contends that Precision has admitted that Plaintiff's storage, anticipated use and transport of the subject can was reasonably foreseeable, citing deposition testimony of Brendan Thompson, a Precision corporate witness. The questions cited, however, were limited in scope, and it is not clear that they included all use, maintenance, possible alteration or change to the subject can by the Plaintiff. Neither is it clear that Mr. Thompson was saying that everything about Plaintiff's use of the subject can was foreseeable.

Foreseeability is ordinarily a jury question unless the Court finds that the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *Moore v. Industrial Maintenance Serv. of Tenn., Inc.*, 2013 WL 2404024 at * 8 (W.D. Tenn. May 31, 2013); *Gilmer v. T.R. Franklin, Inc.*, 2012 WL 5248929 at * 2 (M.D. Tenn. Oct. 24, 2012); *Kellner v. Budget Car and Truck Rental, Inc.*, 359 F.3d 399 (6th Cir. 2004) (noting an exception to this rule for standing vehicles cases).

In this case, the Court cannot find that the uncontroverted facts and inferences make it so clear that all reasonable persons must agree as to the foreseeability of harm from the actions of Plaintiff and/or third parties with regard to the subject can. Because there are genuine issues of material fact as to this issue, summary judgment on this issue must be denied.

Finally, Plaintiff contends that Precision has failed to produce any evidence that Plaintiff's failure to warn claims are barred because her injuries were caused by an open or obvious hazard. Plaintiff cites testimony from her expert that the warnings on the subject can were insufficient to alert consumers to the dangers.[3]

---

[3] Plaintiff states that Defendants have failed to show that any warnings were sufficient to warn her of any hazards which were "open and obvious," but it is the open and obvious hazards about which Precision claims it need not warn.

4

Precision notes that another expert witness, Dr. Shipley, testified that the subject can had experienced significant and noticeable deformation (damage) prior to the accident, damage which Plaintiff and her husband should have noticed. Docket No. 120-1, p. 19.

Generally, whether a warning is adequate is an issue of fact to be determined at trial. *In re Aredia and Zometa Products Liability Litigation*, 2009 WL 2496873 at * 2 (M.D. Tenn. Aug. 13, 2009). Similarly, the Court finds that whether there were "open and obvious" dangers about which Precision had no duty to warn is an issue of fact to be determined at trial. Because there are genuine issues of material fact as to whether the dangers associated with the subject can were open and obvious and whether the warnings were sufficient, summary judgment on this issue should be denied.

For all these reasons, Plaintiff's Motion for Partial Summary Judgment (Docket No. 139) is DENIED.

## DEFENDANT DSC'S MOTION

Defendant DSC contends that it is entitled to summary judgment on Plaintiff's claim that the subject can was unreasonably dangerous. DSC argues that it has established a rebuttable presumption, under Tennessee law, that the can was not in an unreasonably dangerous condition when it left the control of DSC because it complied with all applicable federal regulations at the time the can was manufactured.

Tennessee law allows a products liability action to be brought against a manufacturer or seller when a product is determined to have been in a defective condition or unreasonably dangerous when it left the control of the manufacturer or seller. Tenn. Code Ann. § 29-28-105. Tennessee law also provides protection to manufacturers who comply with federal, state or administrative

5

regulations in making the product by creating a rebuttable presumption that the product is not in an unreasonably dangerous condition[4] with regard to any matters covered by such regulations. Tenn. Code Ann. § 29-28-104.

DSC maintains that it complied with federal regulations existing at the time the subject can was manufactured, citing its expert witness' report and the testimony of its corporate representative. DSC claims it is entitled to the presumption described above and Plaintiff cannot rebut that presumption.

Plaintiff, on the other hand, argues that DSC was not in compliance with U.S. Department of Transportation ("DOT") regulations and that she has set forth sufficient evidence to rebut the alleged presumption and to create a genuine issue of material fact as to whether the subject can was in a defective condition or unreasonably dangerous. Plaintiff points to testimony of DSC's corporate witness and expert to support her claim that the subject can did not meet the expectation of ordinary consumers with regard to safety.

Plaintiff also cites an e-mail, dated October 31, 2006, from DSC to Precision, which allegedly indicates that the product was not safe. Finally, Plaintiff cites to her own expert witness, who has stated that the subject can was defective and unreasonably dangerous at the time it left the manufacturer.

The Court finds that there are genuine issues of material fact as to this issue, precluding summary judgment for DSC.

---

[4] A product is "unreasonably dangerous" if it is dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller assuming that he knew of its dangerous condition. Tenn. Code Ann. § 29-28-102(8).

6

Case 2:11-cv-00026   Document 167   Filed 09/11/13   Page 6 of 7 PageID #: 1545

## CONCLUSION

For all these reasons, Plaintiff's Motion for Partial Summary Judgment (Docket No. 139) and Defendant DS Containers, Inc.'s Motion for Partial Summary Judgment (Docket No. 142) are both DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE