IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

SONJIA McCOY,                    )
                                 )
            Plaintiff,           )
                                 )
                                 )
                                 )
                                 )  CASE NO. 2:11-0026
vs.                              )  JUDGE CAMPBELL/KNOWLES
                                 )
                                 )
                                 )
PRECISION THERMOPLASTIC          )
COMPONENTS, INC., et al.,        )
                                 )
            Defendants.          )

## ORDER

This matter is before the Court upon Plaintiff's "Motion for Leave to Designate Rebuttal Expert." Docket No. 169. Defendants have filed two Responses in opposition to the Motion. Docket Nos. 172, 173. Plaintiff has filed a Reply to the Responses. Docket No. 174. Judge Campbell has orally referred the Motion to the undersigned. The parties and the Court discussed the instant Motion, at least to some degree, during a Case Management Conference held February 3, 2014.

This is a diversity personal injury-products liability action brought by Plaintiff who was allegedly injured when a can of "Ultra Instant Tire Inflator Sealer" exploded. The remaining Defendants are Precision Thermoplastic Components, Inc., and Technicraft Products, Inc. (hereinafter sometimes collectively referred to as "Precision"), and DS Containers, Inc. Defendants deny that they are liable to Plaintiff.

An appropriate starting point for a discussion of the instant Motion is a prior Order of the Court entered August 22, 2013. Docket No. 161. That Order was entered in response to Precision's "Motion to Extend Discovery Deadlines, Continue Trial or Exclude Expert Testimony." Docket No. 195. Plaintiff had timely designated an expert witness, Dr. Karnes, on February 27, 2013. When Plaintiff identified Dr. Karnes as an expert, Plaintiff supplied an 11-page letter dated February 22, 2013, from Dr. Karnes to one of counsel for Plaintiff. Dr. Karnes set out a number of opinions in that letter.

On May 1, 2013, Defendant DS Containers timely identified an expert witness, Dr. Roch Shipley. Dr. Shipley summarized his opinion that Plaintiff's "exposure of the subject can to elevated temperature, combined with the fact that the can had been previously misused and abused, caused the accident." Docket No. 120-1, p. 21.

Approximately one month after Defendant DS Containers designated Dr. Shipley and provided his opinions, Plaintiff's counsel provided to Defendants a "Rebuttal Report" from Dr. Karnes, dated June 2, 2013. Docket No. 145-3. That Report purportedly "addresses the opinions offered by Defendants' expert, Roch J. Shipley . . . ." *Id.*

In the former Motion, Precision argued that Dr. Karnes came up with an entirely new set of opinions after reviewing Dr. Shipley's report. Precision argued that it should have the option to retain an expert to address new issues raised by Dr. Karnes and that the trial date and discovery deadline should be continued, or, alternatively, that Plaintiff should be precluded from using any of the expert opinions of Dr. Karnes, or at least the opinions contained in his Rebuttal Report. Docket No. 161, p. 7.

The Court's Order stated in relevant part:

2

> Moreover, Dr. Karnes' statement that "A warning remedy for an explosion hazard [which he found here] is not appropriate" would have reasonably indicated to Defendants that he had nothing to say about the warnings on the can. That situation changed only after Plaintiff received and read the Report of Dr. Shipley. In other words, Dr. Karnes had no opinions with regard to warnings on the can until Dr. Shipley explained to him how the incident occurred. Thereafter, Dr. Karnes had numerous opinions about the warnings on the can.
>
> If Dr. Karnes had opinions to express about the warnings on the can, however, he was obligated to do so when he was identified as an expert and when his initial opinions were disclosed. He did not do so.
>
> . . .
>
> Plaintiff wishes to have her cake and eat it too. She wishes to use the "rebuttal" expert testimony of Dr. Karnes, while at the same time precluding Precision from retaining an expert to address those opinions. She cannot do both. If Plaintiff wishes to use the "rebuttal" opinions of Dr. Karnes, as she apparently does, *Precision should be allowed to address those opinions with expert testimony.*

Docket No. 161, p. 8-9 (emphasis added).

Therefore, the Court granted in part and denied in part the previous Motion. The Court granted the Motion to the extent that the Court extended the expert discovery deadlines and stated that, with the permission of Judge Campbell, it would continue the trial. The Motion was denied to the extent that it sought to exclude the expert opinions of Dr. Karnes, including those set forth in his Rebuttal Report. *Id.*, p. 10.

On August 30, 2013, Judge Campbell continued the jury trial of this action until April 8, 2014. Docket No. 163.

According to the instant Motion, on or about June 21, 2013, Dr. Shipley provided testimony that the subject can contained a propellant known as 152a. The 152a propellant had

3

received "the highest rating possible on a flammability rating scale." The instant Motion states:

> 5. In the event that Defendants in this case present and offer testimony at trial that the can contained the flammable 152a propellant despite the "nonflammable" designation contained on the label, Plaintiff's [sic] hereby seek leave of court pursuant [sic] to call William F. Kitzes, J.D. as a rebuttal witness pursuant to Local Rule 39.01(c)(6)d who will offer declaration and accompanying testimony that the mislabeling of the subject container constitutes multiple violations of Federal Law under the Hazardous Substances Act as well as the Consumer Product Safety Act which would have prevented the subject can from ever being placed into the stream of commerce had such Federal Laws been adhered to by Defendants.
>
> 6. If permitted leave of court as requested, Plaintiff intends to formally disclose the declaration of William F. Kitzes, attached hereto as Exhibit "1."
>
> 7. Granting leave to permit Plaintiff to designate rebuttal declaration and testimony, *if necessary*, will not prejudice Defendants as this Court ruled in its Order of August 22, 2013 (D.I.161) to extend the expert deadlines for an unspecified time as well as discovery deadlines. Despite the re-opening of the expert deadlines, Defendants have not yet elected to designate any additional experts despite its [sic] request to do so.

Docket No. 169, p. 2.

With the instant Motion, Plaintiff has submitted the Declaration of Mr. Kitzes. Docket No. 169-1. Plaintiff seeks to call Mr. Kitzes as an expert witness to testify about violations of federal law. His opinions are based at least in part upon testimony that Dr. Shipley gave on or about June 21, 2013. The instant Motion, however, was not filed until January 2, 2014.

Plaintiff argues that the Court "recently" ruled to extend the expert deadlines for an unspecified time as well as discovery deadlines. In fact, the Court's Order was not entered "recently." It was entered more than four months before the filing of the instant Motion.

4

Moreover, the Court's Order arose in the context of Defendant Precision's seeking either to exclude the rebuttal testimony of Dr. Karnes or seeking additional time to find its own expert to rebut the new opinions of Dr. Karnes. The Order certainly was not intended to allow Plaintiff to find a new expert on a different subject approximately three months before the trial.

As the Precision Defendants cogently argue:

> According to the Plaintiff's Motion, an expert retained by a Defendant DS Containers, Roch Shipley – offers testimony regarding the formulation of the propellant in the tire inflator sealer product at issue in this lawsuit. Plaintiffs now seek to add another expert to this case to address the issue of *if* one type of propellant was used rather than another type of propellant, then the labeling on the can may have been insufficient according to various laws and regulations.
>
> Plaintiff has been aware of these issues regarding the propellant since the initial stages of written discovery (the documents referenced by Mr. Shipley had been produced months prior to his deposition) and certainly since Mr. Shipley was deposed on **June 21, 2013.** Yet this request is being made three months prior to trial.

Docket No. 172, p. 1-2 (italics and boldface in original).

Furthermore, the alleged "rebuttal" opinion by Mr. Kitzes in his Declaration is the opinion of a lawyer on issues of law. In his Declaration, Mr. Kitzes essentially opines on the meaning of the Federal Hazardous Substances Act (15 U.S.C. § 1263(a)) and regulations of the Consumer Products Safety Commission (11 CFR 1115.3). He further opines that, if certain circumstances were present, the can's labeling was not in compliance with the Federal Hazardous Substances Act.

It is well-settled in the Sixth Circuit, however, that the opinion of a lawyer on an issue of law is not a proper subject for expert testimony. *Torres v. County of Oakland*, 758 F.2d 147 (6th

5

Cir. 1985); *Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997).

In *Torres*, the Court noted that the language of Fed. R. Evid. 701 and 702 requires that expert opinions must be helpful to the trier of fact. Plaintiff argued that because the expert's proposed testimony was couched as a legal conclusion, it was not helpful to the jury. The Sixth Circuit agreed, stating:

> The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards for the jury. This "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law." *F.A.A. v. Landy*, 705 F.2d 624, 632 (2nd Cir.), *cert. denied* ___, U.S. ___, 104 S. Ct. 243, 78 L.Ed.2d. 232 (1983). *See also Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2nd Cir.), *cert. denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977) ("It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.")

758 F.2d at 150.

In *Woods*, the Court also noted that under Rules 701 and 702, the opinions must be helpful to the trier of fact. The Court stated in part:

> It is, therefore, apparent that testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules.
>
> . . .
>
> [A] district court abuses its discretion when it allows a witness to define legal terms, especially terms that carry a considerable amount of legal baggage.
>
> . . .
>
> Testimony such as Dr. Mintzes's, which attempts to tell the jury what result to reach and which runs the risk of interfering with a district court's jury instructions, hardly can be viewed as being

6

helpful to the jury.

110 F.3d at 1220-21.

> Another appellate court has stated:
>
>> In this case, the [expert] sought to testify about the tax laws "as they existed in 2000" and whether the J&G tax opinion letter complied with the standards set out in the Treasury Circular 230. The trial court excluded [the] expert report and testimony under Federal Rule of Evidence 702, concluding that [the expert's] opinion would not "assist" the court because the opinion concerned a question of law, not fact. . . .
>>
>> Plaintiffs are not entitled to a new trial because the trial court properly excluded [the] expert testimony. Under Rule 702, expert testimony must "*assist* the trier of fact to understand the evidence or to determine a *fact* in issue." Fed. R. Evid. 702 (emphasis added). Because proper interpretation of the tax laws and Treasury Circular 230 are issues of law, it was not an abuse of discretion to exclude expert testimony related to those questions.

*Stobie Creek Investments LLC v. U.S.*, 608 F.3d 1366, 1383 (Fed. Cir. 2010) (citations omitted, italics in original).

Mr. Kitzes's opinion is essentially nothing more than that, if Defendants took a can and filled it with a flammable substance, it would have been a violation of the law for Defendants to have labeled it "non-flammable." The Court does not see how such testimony would "help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a).

For the foregoing reasons, the instant Motion (Docket No. 169) is DENIED.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

7