IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

SONJIA McCOY )
)
v. ) NO. 2-11-0026
) JUDGE CAMPBELL
PRECISION THERMOPLASTIC )
COMPONENTS, INC., et al. )

ORDER

Pending before the Court are 17 motions in limine. The Court rules on the motions as follows:

(1) Plaintiff's Motion In Limine To Prohibit Reference To Collateral Source Payments (Docket No. 188) is GRANTED, as unopposed.

(2) Plaintiff's Motion To Exclude Designation, Report And Testimony Of Roch J. Shipley (Docket No. 190) is GRANTED in part, and DENIED in part. Defendant DS Containers has represented that Dr. Shipley will not provide opinions regarding: (1) the adequacy of the instructions and warnings on the can's label; and (2) whether the Plaintiff complied with those instructions and warnings. Otherwise, Plaintiff's arguments go to the weight of the evidence, not to the admissibility.

(3) Plaintiff's Motion To Strike Certain Opinions Of Defendant's Expert Catherine Noble (Docket No. 207) is DENIED. Plaintiff's arguments go to the weight of the testimony, not to the admissibility.

(4) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 7 (Docket No. 192) requires no ruling from the Court. The Clerk shall terminate it as a pending motion.

(5) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 8 and Memorandum In Support Thereof To Exclude Claims For Attorney Fees And Prejudgment Interest (Docket No. 193) is GRANTED in part, and DENIED in part. Defendants' request to dismiss Plaintiff's claims for attorneys' fees and prejudgment interest is denied. Plaintiff has represented that she will not offer evidence of attorneys' fees or prejudgment interest without first approaching the Court and seeking permission. Absent extraordinary circumstances, there will be no mention of attorneys' fees or prejudgment interest before the jury.

(6) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 9 and Memorandum In Support Thereof To Exclude Punitive Damages Claim And/Or Bifurcate Punitive Damages (Docket No. 194) is is GRANTED in part, and DENIED in part. Defendants' request to dismiss Plaintiff's claim for punitive damages is denied. Defendants' request to bifurcate the amount of any punitive damages is granted. The parties shall submit additional proposed jury instructions and verdict forms regarding bifurcated punitive damages in advance of the Pretrial Conference.

(7) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 10 and Memorandum In Support Thereof To Exclude Supplemental Report And Testimony Of Dr. Howard Katz (Docket No. 195) will be discussed at the Pretrial Conference.

(8) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 11 and Memorandum In Support Thereof To Exclude Third Supplemental Discovery By Plaintiff (Docket No. 196) is DENIED. See Local Rule 34.01.

(9) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 12 and Memorandum In Support Thereof To Exclude Fourth Supplemental Discovery By Plaintiff (Docket No. 197) is DENIED, as moot. See Docket No. 249.

(10) Defendants, Precision Thermoplastic Components, Inc., And Technicraft Products, Inc.'s Motion In Limine No. 14 and Memorandum In Support Thereof To Exclude Fifth Supplemental Discovery By Plaintiff (Docket No. 216) will be discussed at the Pretrial Conference.

(11) Defendant DS Containers, Inc.'s Motion In Limine No. 1: Exclude Testimony And Opinions Of Michael Fox, PH. D (Docket No. 198) will be discussed at the Pretrial Conference.

(12) Defendant DS Containers, Inc.'s Motion In Limine No. 2: Exclude Evidence Regarding Flammability Risk Of The Can (Docket No. 200) will be discussed at the Pretrial Conference.

(13) Defendant DS Containers, Inc.'s Motion In Limine No. 3: Exclude Evidence Of Prior Incidents (Docket No. 202) will be discussed at the Pretrial Conference.

(14) Defendant DS Containers, Inc.'s Motion In Limine No. 4: Exclude Prior Medical Expenses Not Proven To Be Reasonable And Necessary (Docket No. 204) will be discussed at the Pretrial Conference, to the extent this Motion is not rendered moot by the Court's previous Order allowing Plaintiff to take additional medical depositions.

(15) Defendant DS Containers, Inc.'s Motion In Limine No. 5: Exclude Evidence Regarding Alleged Cognitive Injury And Future Medical Expenses Associated With The Alleged Cognitive Injury (Docket No. 206) is DENIED as moot (see Docket No. 246), without prejudice to raising contemporaneous objections at trial.

(16) Defendant DS Containers, Inc.'s Motion In Limine No. 6: Exclude Plaintiff's Claimed Future Medical Expenses (Docket No. 209) will be discussed at the Pretrial Conference, specifically as to whether Dr. Smartt was a treating physician.

(17) Defendant DS Containers, Inc.'s Motion In Limine No. 13: Exclude Testimony And Opinions Of Howard T. Katz, M.D. Regarding Any Alleged Dental Injury Or Treatment (Docket No. 212) is DENIED. Defendant's arguments go to the weight of the testimony, not to the admissibility.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE