IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

SONJIA McCOY )
 )
v. ) NO. 2-11-0026
 ) JUDGE CAMPBELL
PRECISION THERMOPLASTIC )
COMPONENTS, INC., et al. )

ORDER

Pending before the Court are Defendants Precision Thermoplastic Components, Inc. and Technicraft Products, Inc.'s Motion in Limine No. 10 to Exclude Supplemental Report and Testimony of Dr. Howard Katz (Docket No. 195); Defendant DS Containers' Motion in Limine No. 1[1] to Exclude Testimony and Opinions of Michael Fox, Ph.D. (Docket No. 198); Defendant DS Containers, Inc.'s Motion in Limine No. 2 to Exclude Evidence Regarding Flammability Risk of the Can (Docket No. 200); Defendant DS Containers, Inc.'s Motion in Limine No. 3 to Exclude Evidence of Prior Incidents (Docket No. 202); Defendant DS Containers, Inc.'s Motion in Limine No. 4 to Exclude Prior Medical Expenses Not Proven to be Reasonable and Necessary (Docket No. 204); Defendant DS Containers, Inc.'s Motion in Limine No. 6 to Exclude Plaintiff's Claimed Future Medical Expenses (Docket No. 209); Defendants Precision Thermoplastic Components, Inc. And Technicraft Products, Inc.'s Motion in Limine No. 14 to Exclude Fifth Supplemental Discovery by Plaintiff (Docket No. 216).

---

[1] Defendants Precision Thermoplastic Components, Inc. and Technicraft Products, Inc. filed Notice that they join in and support Defendant DS Containers, Inc.'s Motions in Limine Nos. 1 - 6. Docket No. 192.

The Court held a Pretrial Conference on April 1, 2014, at which the following decisions were made.

(1) Defendants Precision Thermoplastic Components, Inc. and Technicraft Products, Inc.'s Motion in Limine No. 10 to Exclude Supplemental Report and Testimony of Dr. Howard Katz (Docket No. 195) is DENIED. The supplemental report of Dr. Katz is timely and the contents are consistent with Fed. R. Civ. P. 26. At trial, no expert may testify beyond the scope of the expert's report or supplemental report.

(2) Defendant DS Containers' Motion in Limine No. 1 to Exclude Testimony and Opinions of Michael Fox, Ph.D. (Docket No. 198) is DENIED. The objections regarding the exemplar and puncture chamber test and related expert opinions go to the weight of the evidence not the admissibility.

(3) Defendant DS Containers, Inc.'s Motion in Limine No. 2 to Exclude Evidence Regarding Flammability Risk of the Can (Docket No. 200) is GRANTED in part and DENIED in part. Plaintiff may introduce evidence of the flammability of the can for the limited purpose of proving the contents of the can. Defendant may request a limiting instruction. Plaintiff may not argue the can is defective because it may catch fire.

(4) Defendant DS Containers, Inc.'s Motion in Limine No. 3 to Exclude Evidence of Prior Incidents (Docket No. 202) is GRANTED in part and DENIED in part. Plaintiff may introduce evidence regarding the three prior incidents involving Ultra two-piece containers (not other containers) exploding to prove notice and not for the truth thereof. Defendants may request a limiting instruction. The other containers are not substantially similar and are excluded under Fed. R. Evid. 403.

(5) Defendant DS Containers, Inc.'s Motion in Limine No. 4 to Exclude Prior Medical Expenses Not Proven to be Reasonable and Necessary (Docket No. 204) is DENIED without prejudice to Defendants making contemporaneous objections at trial to specific evidence offered by Plaintiff.

(6) Defendant DS Containers, Inc.'s Motion in Limine No. 6 to Exclude Plaintiff's Claimed Future Medical Expenses (Docket No. 209) is DENIED. Dr. Smartt may testify as a treating physician and Dr. Katz as an expert regarding future medical expenses. Defendant may make contemporaneous objections to specific testimony as necessary.

(7) Defendants Precision Thermoplastic Components, Inc. and Technicraft Products, Inc.'s Motion in Limine No. 14 to Exclude Fifth Supplemental Discovery by Plaintiff (Docket No. 216) is GRANTED by agreement of the parties.

Counsel for the parties shall confer and attempt to resolve any objections to deposition designations. To the extent such objections cannot be resolved, the parties shall file, by Friday, April 4, 2014, any unresolved objections and the depositions at issue.

Defendants shall have available at trial all financial information relevant to the determination of an amount of punitive damages, should that information be needed for a second phase of the trial.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE